IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

JUSTIN STEPHENS,

    Plaintiff,

v.

FMS INVESTMENT CORP., a Maryland corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Justin Stephens is a natural person.

8. The Plaintiff resides in the City of Thornton, County of Adams, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant FMS Investment Corp. is a Maryland corporation operating from an address at 1000 East Woodfield Road, Suite 102, Schaumburg, Illinois, 60173.

12. The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal student loan account owed to United Student Aid Funds (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with United Student Aid Funds.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

27. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

28. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

29. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34. During the communication(s) the Defendant while attempting to collect the Account falsely represented to the Plaintiff that the Account will be on his credit forever until paid and that he had to pay the Account to get the Account off of the credit bureau reports.

35. The Defendant's representations stated in paragraph 34 were false and were false representations in connection with the collection of a debt, the Account.

36. During the communication(s) the Defendant while attempting to collect the Account falsely represented to the Plaintiff that he needed to have a reason to dispute the Account and that his dispute of the Account had to be a valid dispute.

37. The Defendant's representations stated in paragraph 36 were false and were false representations in connection with the collection of a debt, the Account.

38. The Plaintiff and the Defendant had a telephone conversation regarding the Account on January 11, 2012.

39. The telephone conversation on January 11, 2012 between the Plaintiff and the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

40. The telephone conversation on January 11, 2012 between the Plaintiff and the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

41. Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation on January 11, 2012 between the Plaintiff and the Defendant.

42. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation on January 11, 2012 between the Plaintiff and the Defendant.

43. The Plaintiff and the Defendant had a telephone conversation regarding the Account on January 23, 2012.

44. The telephone conversation on January 23, 2012 between the Plaintiff and the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

45. The telephone conversation on January 23, 2012 between the Plaintiff and the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

46. Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation on January 23, 2012 between the Plaintiff and the Defendant.

47. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation on January 23, 2012 between the Plaintiff and the Defendant.

48. The Plaintiff and the Defendant had a telephone conversation regarding the Account on February 20, 2012.

49. The telephone conversation on February 20, 2012 between the Plaintiff and the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

50. The telephone conversation on February 20, 2012 between the Plaintiff and the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

51. Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation on February 20, 2012 between the Plaintiff and the Defendant.

52. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation on February 20, 2012 between the Plaintiff and the Defendant.

53. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

54. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

55. Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

56. Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

57. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

58. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

59. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

60. The Defendant and its representative(s), employee(s) and / or agent(s) action(s) constitute false representations and/or means and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

61. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

62. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

63. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

64. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### **RESPONDEAT SUPERIOR**

65. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

66. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

67. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

68. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

69. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

70. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

71. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

72. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

75. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

        _s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff